ANDREW JURGENS CO. v. WOODBURY et al.

(Supreme Court, Special Term, New York County. November 1, 1907.)

1. TRADE-NAMES—INFRINGEMENT—EQUITABLE RELIEF.

An exclusive right may be acquired in the name in which a business has been carried on, which will be protected by injunction against infringement.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trade-Marks and Trade-Names, § 26.]

2. SAME.

The manufacturers of "Woodbury's Facial Soap" sold their rights to a third person, who manufactured soap under a formula given him at the time of the transfer, and who spent a large sum in advertising it. *Held*, that the purchaser was entitled to restrain the original manufacturers from subsequently manufacturing and selling soap known as "Woodbury's New Skin Soap."

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trade-Marks and Trade-Names, §§ 37, 81–86.]

Action by the Andrew Jurgens Company against John H. Woodbury and another. Judgment for plaintiff.

R. S. Nichols, for plaintiff.
Benj. Patterson, for defendants.

NEWBURGER, J. For many years prior to June, 1901, the defendant John H. Woodbury and the John H. Woodbury Dermatological Institute placed upon the market a toilet soap known as "Woodbury's Soap" and "Woodbury's Facial Soap." The soap was extensively advertised, and in these advertisements the name of "Woodbury" was the feature, and such advertisements referred to the fact that the soap was beneficial to the skin, scalp, and complexion. Andrew Jurgens & Co., the predecessors of the plaintiff, manufactured and sold this soap as

the agents of the defendant Woodbury, and from June, 1900, to June, 1901, expended the sum of $25,000 in advertising the soap. In June, 1901, in consideration of the sum of $212,500, Woodbury and all others interested transferred to Andrew Jurgens & Co. all the right, title, and interest in and to the commodities known as "facial soap," "facial cream," "dental cream," "tooth powder," "odorine powder," "facial powder," "shaving sticks," and "all trade-marks, copyrights, and privileges of every name and nature whatsoever appurtenant to the ownership thereof." The firm of Jurgens & Co. transferred this agreement to the plaintiff, and since June 13, 1901, have expended about $480,000 in advertising the soap. The plaintiff has built up a great sale for the soap, amounting to 720,000 cakes a year. Thereafter, and until November, 1906, Woodbury ceased to engage in the soap business. About November, 1906, the defendants placed upon the market a soap known as "Woodbury's New Skin Soap." The wrapper and box for this soap were not identical with the wrapper and box of the plaintiff, except for the name "Woodbury," which is prominently displayed on each box and cake.

The evidence clearly shows that the plaintiffs have expended large sums of money in advertising the business, and as a result the soap manufactured by the plaintiff has become well known to the trade, and its business has become valuable by reason of the large expenditures in advertising the product. In Higgins v. Higgins, 144 N. Y. 462, 39 N. E. 490, 27 L. R. A. 42, 43 Am. St. Rep. 769, it was held:

"That an exclusive right may be acquired in the name in which a business has been carried on, whether that of a partnership or an individual, and it will be protected against infringement by another, and that an injunction will lie to restrain the simulation and use by one corporation of the name of a prior corporation, which tends to create confusion and to enable the latter corporation to obtain the business of the prior corporation."

The contention of the defendants that plaintiff has been misrepresenting the origin, the place of manufacture, and the medicinal, curative, and antiseptic properties of the soap manufactured by it, is not borne out by the evidence in this case. On the contrary, the evidence clearly shows that the soap manufactured by plaintiff was prepared under a formula given to them by the defendant Woodbury. Upon the whole case there is a reasonable presumption that the public will be misled if the defendants be permitted to continue to carry on the business of making soap under its present name.

Judgment for the plaintiff. Submit findings.